UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In Re: | CASE NO. 19-10709 |
| JAMES A. BORDE | CHAPTER 11 |
| Debtor. | |

**MOTION FOR RELIEF FROM STAY OR, IN THE ALTERNATIVE,
ADEQUATE PROTECTION CONCERNING PERSONAL PROPERTY**

Movant Falcon Leasing, a Division of Falcon National Bank ("Falcon"), by its attorneys Kohner, Mann & Kailas, S.C., moves the Court for an order granting Falcon relief from the automatic stay of Debtor James A. Borde ("Debtor") in personal property described in this Motion, so that Falcon may enforce its rights, including recovery and disposition of such personal property. In the alternative, Falcon moves the Court for an order that would grant Falcon adequate protection of its interests affected by these proceedings. In support of this Motion, Falcon states as follows:

JURISDICTION

1. This bankruptcy case was originally filed by Debtor under Chapter 11 of the United States Bankruptcy Code (the "Code") on March 15, 2019 (the "Petition Date").

2. Debtor has remained in possession of his property and is operating his business pursuant to Sections 1107 and 1108 of the Code.

3. This Court has jurisdiction over this proceeding under 28 U.S.C. §1334, §157 and the Order of Reference of the District Court; this is a core proceeding under 28 U.S.C. §157; and venue in this Court is proper under 28 U.S.C. §1409.

4. This Motion is brought pursuant to Section 362 of the Code, and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Rules").

## SECURITY INTEREST IN COLLATERAL

5. Debtor, along with his partner, Donald Borde ("Donald"), doing business as Busy B's, a Wisconsin general partnership ("Busy"), entered into an Equipment Lease Agreement with Falcon dated November 22, 2017, that Falcon designated as its Agreement number 821-10010370-000 (the "Agreement") for the use of personal property equipment consisting of one New Sukup 48x12 Stiffened Bin with Double Run Conveyor (the "Equipment"). A true and correct copy of the Agreement is attached to this Motion as Exhibit A.

6. The Agreement provides, in Paragraph 4 under "Ownership of Equipment" that Falcon is the owner of the Equipment and that Falcon has sole title to the Equipment. Busy is required under Paragraph 4 of the Agreement to keep the Equipment free and clear of all liens and claims.

7. On November 22, 2017, Donald executed a continuing personal guaranty, in favor of Falcon, of all obligations of Busy to Falcon as an absolute, continuing, unlimited, and unconditional guaranty of payment, including the costs of collection and attorneys' fees incurred by Falcon in enforcing the Agreement (the "Donald Guaranty"). A true and correct copy of the Donald Guaranty is attached to this Motion as Exhibit B.

8. Also on November 22, 2017, Debtor executed a continuing personal guaranty, in favor of Falcon, of all obligations of Busy to Falcon as an absolute, continuing, unlimited, and unconditional guaranty of payment, including the costs of collection and attorneys' fees incurred by Falcon in enforcing the Agreement (the "Debtor Guaranty"). A true and correct copy of the Debtor Guaranty is attached to this Motion as Exhibit C.

9. Falcon further perfected its ownership interests in the Equipment through the filing of a Uniform Commercial Code Financing Statement with the Wisconsin Department of Financial Institutions on November 30, 2017, as Filing No. 170016173220 (the "UCC Filing"). Additionally, Falcon recorded a Uniform Commercial Code Fixture Statement, regarding the Equipment, with the Office of the Register of Deeds for Columbia County, Wisconsin on December 1, 2017, as Document No. 898633. (the "Fixture Filing"). A true and correct copy of the UCC Filing is attached to this Motion as Exhibit D. A true and correct copy of the Fixture Filing is attached to this Motion as Exhibit E.

10. The Agreement provides, in Paragraph 12, that the Agreement is in default if there is a failure to make any payment under the Agreement, or other sum, when due to Falcon.

11. Debtor, Donald, and Busy defaulted pre-petition in their obligations to Falcon under the Agreement by failing to make the payments owed to Falcon under the Agreement when due.

12. The Agreement provides in Paragraph 12 that Busy agrees to pay a late charge of 15% if any payment under the Agreement is late.

13. The Agreement further provides in Paragraph 12, in the event of a default, that Busy is required to: (1) pay Falcon the unpaid balance remaining under the Agreement; (2) pay Falcon the amount of any purchase option in the Agreement; and (3) return the Equipment to Falcon.

14. As of December 19, 2018, Busy, Donald, and Debtor, jointly and severally, owed a combined balance of $109,850.59 to Falcon under the Agreement, consisting of a principal balance owed of $90,340.00; a residual of $12,858.00; property taxes of $3,264.84; and late charges of $3,387.75, with additional amounts continuing to accrue from late charges, interest, and attorneys' fees.

15. As of the Petition Date of Debtor, Debtor owed a combined balance of $124,655.41 under the Agreement which includes the accrual of property taxes, late charges, interest, and attorneys' fees under the Agreement.

## RELIEF FROM THE AUTOMATIC STAY

16. Debtor's bankruptcy Schedules A/B do not list the Equipment as property of the bankruptcy estate and Debtor does not claim an exemption in the Equipment. Schedule D of Debtor's Schedules lists Falcon Leasing as a secured creditor, being owed a debt of $75,000, as secured by the Equipment, with Debtor having an undivided one-half interest in the Equipment. However, the Schedules list the Equipment as having no value as of the Petition Date.

17. Falcon's current appraisal for the Equipment estimates its fair market value, as of the Petition Date to be $125,000, and the Equipment is diminishing in value. Accordingly, there is little or no equity in the Equipment for the bankruptcy estate.

18. Debtor asserts a property interest in the Equipment in his bankruptcy by listing the undivided one-half interest in the Equipment. Accordingly, Falcon brings this Motion in order to allow Falcon to proceed with its remedies under the Agreement as to the Equipment.

19. Under Section 362(d) of the Code, the Court shall grant relief from the automatic stay for cause, including lack of adequate protection of an interest in property of a party in interest; or, if the Debtor does not have equity in such property and such property is not necessary to any effective reorganization.

20. Debtor has failed to pay any adequate protection to Falcon post-petition and Debtor was over $25,000 past due, under the Agreement with Falcon, as of the Petition Date.

21. As the holder of a duly perfected, purchase money security interest in the Equipment, Falcon's security interest is senior and superior to that of all other persons or entities.

22. Falcon respectfully requests an order terminating the stay, under Section 362 of the Code, in order to allow Falcon to enforce its rights under the Agreement, including repossession of the Equipment, in accordance with the terms of the Agreement and applicable law. In the alternative, Falcon respectfully requests an order that would provide it with adequate protection for its interests, which would include post-petition adequate protection payments from the Debtor and such other protections that the Court deems necessary and proper.

23. In the event the Court grants Falcon relief from stay, Falcon requests that the Court waive the 14-day stay regarding orders granting relief from the automatic stay to a creditor, as referenced in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure

ACCORDINGLY, Falcon Leasing, a division of Falcon National Bank, respectfully requests:

A. That the Court enter an order terminating the stay under Section 362 of the Code in order to allow Falcon to enforce its rights under the Agreement, including repossession of the Equipment in accordance with the terms of the Agreement;

B. That the Court waive the 14-day stay regarding orders granting relief from the automatic stay to a creditor, as referenced in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure; or in the alternative,

C. That the Bankruptcy Court enter an order granting Falcon adequate protection for its interests in the Equipment, including but not limited to, adequate protection payments from the Debtor; and

D. Such further relief as the Court deems just and equitable.

Dated April 15, 2019

                                                           KOHNER, MANN & KAILAS, S.C.
                                                           Attorneys for Falcon Leasing, a division of Falcon National Bank

                                          By:    /s/ Eric R. von Helms_____
                                                    Eric R. von Helms

Post Office Address:
4650 North Port Washington Road
Milwaukee, Wisconsin 53212
Telephone: (414) 962-5110
Facsimile: (414) 962-8725
Email: evonhelms@kmksc.com